IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| **MARLOWE TREIT,** | 07-CV-819-BR |
|     **Plaintiff,** | |
| v. | **VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW** |
| **UNITED STATES OF AMERICA,** | |
|     **Defendant.** | |


**CHARLES R. MARKLEY**
Greene & Markley, PC
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
(503)295-2668

**SCOTT J. MEYER**
Mitchell, Lang & Smith
2000 One Main Place
101 S.W. Main Street
Portland, OR 97204
(503)221-1011

    Attorneys for Plaintiff


1 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

**KAREN J. IMMERGUT**
United States Attorney
**SCOTT E. ASPHAUG**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503)727-1117

      Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Marlowe Treit brings this action against Defendant United States of America alleging claims for negligence under Oregon common law and negligence *per se* for violation of Oregon Revised Statute § 811.275. Plaintiff contends Defendant's agents were negligent in the operation of a Cessna 206 H aircraft and that their negligence caused a collision between the Cessna and the Lamborghini automobile operated by Plaintiff. Plaintiff seeks a monetary judgment against Defendant for the property damage to his Lamborghini.

In its Trial Memorandum, Defendant denies its agents were negligent and raises the affirmative defense of comparative fault on the ground that Plaintiff's negligence was the cause of the collision.

This matter was tried to the Court on March 4, 2008.

## **VERDICT**

The Court has weighed, evaluated, and considered the evidence presented at trial and has completed its deliberation.

Based on its Findings of Fact and Conclusions of Law made herein pursuant to Federal Rule of Civil Procedure 52(a), the Court renders the following Verdict:

1. In favor of Plaintiff on his First Claim for Relief for common-law negligence on the basis that Plaintiff proved by a preponderance of the evidence that Defendant was 50% at fault for the collision between the Cessna aircraft and the Lamborghini automobile.

2. In favor of Defendant on its affirmative defense of comparative negligence as to Plaintiff's First Claim for Relief on the basis that Defendant proved by a preponderance of the evidence that Plaintiff was 50% at fault for the collision between the Cessna aircraft and the Lamborghini automobile.

3. In favor of Plaintiff and against Defendant on Plaintiff's First Claim for Relief in the sum of **$39,500.00**, which represents 50% of the damage caused to Plaintiff's Lamborghini automobile as a result of Defendant's negligence pursuant to Oregon common law.

4. In favor of Defendant and against Plaintiff on Plaintiff's Second Claim for Relief against Defendant for negligence *per se*.

## STANDARDS

In Oregon every person has a duty to use ordinary care to avoid injuring himself and others, and the care to be exercised must be in keeping with foreseeable dangers. *Kirby v. Sonville*, 286 Or. 339, 344-45 (1979). In the context of operating a motor vehicle, whether an automobile or an aircraft, this duty includes keeping a proper lookout. *Ewing v. Izer*, 243 Or. 367, 369 (1966). When "an automobile is plainly visible[,] . . . the driver of another automobile cannot be heard to say that he looked . . . and did not see it." *Id*.

Oregon law recognizes the affirmative defense of comparative negligence, which requires the finder of fact to apportion the parties' relative fault when determining damages. *Miller v. Pacific Trawlers, Inc.*, 204 Or. App. 585, 605 n.17 (2006).

## DISCUSSION

The parties do not dispute that, at a minimum, Oregon's common law of negligence applies in this matter.

Plaintiff also contends Oregon's right-of-way statute governs the uncontrolled airport intersection where the collision occurred and that Defendant, therefore, was negligent *per se* for failing to yield the right-of-way to Plaintiff. *See* Or. Rev. Stat. § 811.275. *See also Holmes v. Goble*, 132 Or. 540, 543 (1930). Section 811.275 provides the failure to yield the right-

4 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

of-way to a driver of a "motor vehicle" simultaneously approaching an "uncontrolled highway intersection" is a Class B traffic violation. Oregon Revised Statute § 801.305(1) defines a "highway" as "every *public* way, road, street, thoroughfare and place . . . open, used or intended for use of the general public for vehicles or vehicular traffic as a matter of right." (Emphasis added.) The Court notes it was undisputed at trial that this airport intersection is privately owned. Thus, it is not a "public way, road, [or] street" and, therefore, is not an uncontrolled "highway" intersection. *See* Or. Rev. Stat. § 305(1). Accordingly, § 811.275 does not apply to these premises and cannot support Plaintiff's claim for negligence *per se*.

Plaintiff also argues this privately-owned intersection falls within the meaning of Oregon Revised Statute § 801.400, which defines "premises open to the public" as "any premises open to the general public for the use of motor vehicles, whether the premises are publicly or privately owned and whether or not a fee is charged for the use of the premises," and, therefore, § 811.275 applies for purposes of negligence *per se*. In *State v. Mulder*, however, the Oregon Supreme Court interpreted the phrase "premises open to the public" as enlarging "the zone of statutory protection of the public for *Class A traffic offenses* from public highways to 'non-highway locations that are open to the general

5 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

public for the use of motor vehicles' and where persons and their vehicles are subjected to danger by drunken, reckless, unlicensed and 'hit and run' drivers" to allow enforcement of such protections in areas like parking lots. 290 Or. 899, 903-04 (1981)(quoting repealed Or. Rev. Stat. § 487.535 (emphasis added)). The Oregon Court of Appeals echoed the Supreme Court's decision in *State v. Sterling* when it held "the phrase should be defined so as to achieve its primary purpose, which is to protect members of the public from serious driving offenses." 196 Or. App. 626, 630 (2004). Although the intersection in this case may meet the definition of "premises open to the public," a violation of § 811.275 is only a Class B traffic violation and, therefore, cannot be enforced on these premises. Thus, Plaintiff's negligence *per se* arguments fail as a matter of law.

Defendant, in contrast, contends an alternative right-of-way rule governs intersections at airports and gives aircraft the right-of-way over ground vehicles. Defendant refers to Federal Aviation Administration (FAA) Advisory Circulars, which advise ground vehicles to give aircraft the right-of-way at all times. The FAA advisories, however, are circulated among pilots and airport personnel and are not directed to the general public. The parties, in fact, conceded at trial that the FAA advisories are merely advisory in nature and are not binding.

Thus, as explained below, the Court is left with Oregon's

6 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

common law of negligence for the only standards by which to evaluate the conduct of the parties in these circumstances.

**FINDINGS OF FACT**

The Court finds the following facts by a preponderance of the evidence:

1. The collision occurred within the fenced premises known as the "Aurora Airport," a small, rural airport that does not have a control tower. The airport has a single runway that runs north and south. In addition, the airport has a parallel taxiway that runs north and south to the east of the runway, and the two are connected by several east-west taxiways. These east-west taxiways also connect the runway and the parallel taxiway to an "inner taxiway" further to the east, which accesses hangars and other buildings at the airport. In general, gates through the surrounding fences are unattended and left open for vehicular traffic during daylight hours. The entrances are clearly marked with warnings such as "Danger: Aircraft Operations Area" and "No Trespassing."
2. The Aurora Airport is owned by the State of Oregon and occupies multiple parcels of land owned by the State and by private concerns, including an area owned by the

Wylee Condominium Association.  In addition to airport operations, there are businesses operating within the fenced area of the airport.  Customers and other invitees of the businesses and condominiums are occasionally present on the property to the east of the single runway and parallel taxiway.  The Wylee Condominiums are used for various purposes such as aircraft hangars, businesses, and, in one case, a personal residence.

3. The collision was between a Cessna 206 H aircraft piloted by FBI Special Agent Robert Brockmeyer in the course and scope of his official duties and a 1985 Lamborghini automobile driven by Plaintiff.  The Cessna was traveling east along the paved surface leading from the runway and parallel taxiway directly to the FBI's hangar in the Wylee condominiums.  The Lamborghini was traveling north on the paved "inner taxiway" that accesses a residence in the Wylee condominiums where Plaintiff was invited as a social guest by the owner.  The "inner taxiway" and the "uncontrolled" intersection where the collision occurred are privately owned but are open to use by aircraft and ground vehicles, including vehicles not associated with the airport that are operated by invitees of the business and

condominium owners within the fenced area.

4. The intersection in question was not marked by any signs or controlled by any signals that would determine right-of-way. The intersection was striped with a single solid yellow line.

5. Plaintiff approached the intersection driving toward his destination at about ten miles per hour. Although he was aware that his ability to see and to hear from inside the vehicle was limited by the automobile's structure and engine noise, Plaintiff did not look to his left and did not see or hear the approaching aircraft before the collision.

6. After landing the aircraft, Special Agent Brockmeyer traveled north on the parallel taxiway at a speed less than ten miles per hour and turned the Cessna east onto the paved surface leading to the FBI hangar. Special Agent Brockmeyer looked briefly toward the "inner taxiway" at least once and perhaps twice. Although he saw a fuel truck traveling north along the "inner taxiway," he did not see Plaintiff's Lamborghini approaching the intersection ahead of the fuel truck. Special Agent Brockmeyer was aware that his ability to see was limited due to the angle of the aircraft, its elevation above the pavement, and the configuration of

the aircraft's windows and wing supports, but he did not take any steps to clear his "blindspots" before taxiing into the intersection. In particular, Special Agent Brockmeyer did not ask Special Agent John Jeffries, who was seated next to him on the side of the aircraft from which Plaintiff was approaching, to assist in identifying anything that might be obstructed from Brockmeyer's view.

7. As the Lamborghini and the Cessna entered the intersection, they collided, and both "vehicles" were damaged.

8. The fair market value of Plaintiff's 1985 Lamborghini immediately before the collision with the Cessna was $105,000. The Lamborghini now has a salvage value of $26,000. Thus, the total damage to the Lamborghini as a result of the collision with the Cessna 206 H is $79,000.

## CONCLUSIONS OF LAW

Based on the Court's factual findings, the Court reaches the following conclusions of law:

1. The violation of § 811.275, Oregon's right-of-way provision, is a Class B violation and is not a serious traffic offense. None of the circumstances that make a

traffic infraction a "serious" or "major" offense under Oregon law such as drunk or reckless driving, excessive speeds, or driving with a suspended license were present in this matter. *See, e.g.*, Or. Rev. Stat. § 801.477 (defining "serious traffic violations" as those committed by drivers with commercial licenses who engage in reckless driving, driving without a license, driving with excessive speed, etc.). Oregon Revised Statute § 801.400, therefore, does not convert the privately-owned intersection in question into a "highway intersection" for the purposes of enforcing § 811.275. *See Sterling*, 196 Or. App. at 630.

2. FAA advisories are not binding as to the right-of-way at the intersection in question.

3. In the absence of any superseding standard of care, the duty of ordinary care applies to both the pilot of an aircraft and to the driver of an automobile under these circumstances. The duty of ordinary care includes the duty to keep a proper lookout, which imposes on each "driver" the duty to "see whatever there may be in the line of his vision, for a reasonable distance, which will affect his driving, measured by what a reasonably prudent man would have seen." *Ewing*, 243 Or. at 369.

4. Plaintiff was lawfully present on the premises and was

using the "inner taxiway" as an invitee of a condominium owner.

5. Plaintiff had the common-law duty to use ordinary care in the operation of his vehicle to avoid foreseeable injury to himself and others, including the duty to keep a lookout for the foreseeable risk of aircraft crossing his path of travel en route to a hangar.

6. Special Agent Brockmeyer had a duty to use ordinary care in the operation of the Cessna aircraft to avoid foreseeable injury to himself and others, including the duty to keep a lookout for vehicular traffic crossing his path of travel while he was en route to the FBI hangar.

7. Special Agent Brockmeyer was negligent in failing to maintain a proper lookout, and his negligence was an actual cause of the collision and the property damage sustained by Plaintiff.

8. Plaintiff was negligent in failing to maintain a proper lookout, and his negligence also was an actual cause of the collision and the property damage sustained by Plaintiff.

9. The nature of the risks that flowed from each "driver's" failure to keep a proper lookout is the same: the foreseeable risk of a collision with a

person or another vehicle lawfully utilizing the paved surfaces at the airport. Plaintiff's fault for entering the intersection without looking is not quantitatively different than Special Agent Brockmeyer's fault for entering the intersection without clearing his blindspot to see Plaintiff's Lamborghini. Thus, under all the circumstances, the Court concludes Plaintiff and Defendant were equally at fault for the collision between the Cessna and the Lamborghini.

## **CONCLUSION**

For these reasons, the Court enters its Verdict as follows:

1. In favor of Plaintiff on his First Claim for Relief for common-law negligence on the basis that Plaintiff proved by a preponderance of the evidence that Defendant was 50% at fault for the collision between the Cessna aircraft and the Lamborghini automobile.

2. In favor of Defendant on its affirmative defense of comparative negligence as to Plaintiff's First Claim for Relief on the basis that Defendant proved by a preponderance of the evidence that Plaintiff was 50% at fault for the collision between the Cessna aircraft and the Lamborghini automobile.

3. In favor of Plaintiff and against Defendant on Plaintiff's First Claim for Relief in the sum of **$39,500.00**, which represents 50% of the damage caused to Plaintiff's Lamborghini automobile as a result of Defendant's negligence pursuant to Oregon common law.

4. In favor of Defendant and against Plaintiff on Plaintiff's Second Claim for Relief against Defendant for negligence *per se*.

The Court directs Plaintiff's counsel, after conferring with Defendant's counsel, to submit a judgment consistent with this Verdict no later than April 7, 2008.

IT IS SO ORDERED.

DATED this 27th day of March, 2008.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge